IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CLINTELL COTHRAN, SR.**                                                                 **PLAINTIFF**

v.                                            Case No. 3:23-cv-00087-KGB

**PAMELA B. HONEYCUTT**                                                         **DEFENDANT**

### ORDER

Before the Court is plaintiff Clintell Cothran, Sr.'s *pro se* complaint and application to proceed without prepaying fees or costs, also referred to as an *in forma pauperis* ("IFP") application (Dkt. Nos. 1; 2). For the following reasons, the Court grants Mr. Cothran's IFP application, but the Court determines that his complaint does not survive the screening process.

I.   **IFP Application**

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915 ("PLRA"), the decision to grant or deny an application to proceed without prepaying fees or costs is within the sound discretion of the district court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (citations omitted). Although a claimant need not be "completely destitute" to take advantage of the *in forma pauperis* statute, he must show that paying the filing fee would result in an undue financial hardship. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986). Based on Mr. Cothran's IFP application, he has neither the funds nor the income to pay the filing fee (Dkt. No. 1). The Court finds that Mr. Cothran does not have the ability to pay the filing fee without suffering an undue financial hardship and grants his application to proceed without prepaying fees or costs (*Id.*).

II.   **Screening Mr. Cothran's Complaint**

The PLRA requires that the Court screen Mr. Cothran's complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) ("Although some district courts have limited section 1915(e)(2)(B)(ii) pre-service dismissal to litigants who are prisoners, . . . all of the circuit courts to address the issue have held that nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B).") (citing *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *rev'd on other grounds, LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). The Court finds that Mr. Cothran's complaint does not survive the screening process (Dkt. No. 2).

        A.      **Mr. Cothran's Claims**

Mr. Cothran brings this action against Judge Pamela B. Honeycutt based on events that occurred during a hearing on April 11, 2023, in the Jonesboro District Court (Dkt. No. 2). Mr Cothran alleges that "THE JUDGE WAS VERY AGGRESSIVE WITH MY WIFE AND MYSELF , [sic] SHE AND THE COUTROOM OFFICER CONTINUINUALLY [sic] YELLED AND AVOIDED MY QUESTION [sic]. I WAS PUT ON THE STAND IN A 'NON [sic] COURT TRIAL" (*Id.*, at 4). He further alleges, "I HAVE LOST EVERTHING BECAUSE OF THEIR DECEPTION," though it is not clear to the Court who "their" refers to because Mr. Cothran has only named one defendant (*Id.*, at 5). Mr. Cothran alleges that he and his family have suffered substantial emotional harm and seeks 10 million dollars in damages (*Id.*).

        B.      **Legal Standard**

The PLRA requires courts to dismiss a case if the screening process reveals that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint fails to state a claim upon which relief may be granted if it does not allege "enough facts

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). As a *pro se* litigant, Mr. Cothran's complaint should be liberally construed. *See Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *but see Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (explaining that *pro se* litigants must comply with substantive and procedural law).

In this case, Mr. Cothran has named a state court judge as the lone defendant. Judges carrying out their official functions are entitled to absolute immunity from suit. *See generally Stump v. Sparkman*, 435 U.S. 349 (1978). This immunity extends even to actions that were taken "in error, [were] done maliciously, or [were] in excess of [their] authority; rather, [they] will be subject to liability only when [they] acted in the clear absence of all jurisdiction." *Id.*, at 356-57 (citations omitted).

Mr. Cothran fails to state a claim upon which relief may be granted. He states that defendant Judge Honeycutt was very aggressive, avoided his questions, and put him on the stand during a court proceeding (Dkt. No. 2, at 4). He also alludes to deceptive practices (*Id*., at 5). Even liberally construed, the Court can discern no claim upon which relief may be granted from Mr. Cothran's complaint. Even if the Court could discern such a claim, Judge Honeycutt would be shielded by absolute judicial immunity based on the factual allegations in Mr. Cothran's complaint.

### III. Conclusion

For these reasons, the Court grants Mr. Cothran's motion to proceed *in forma pauperis* but dismisses Mr. Cothran's complaint (Dkt. No. 2).

It is so ordered this 7th day of November, 2023.

_____
Kristine G. Baker
United States District Judge